T.C. Summary Opinion 2005-109


UNITED STATES TAX COURT


JIMMIE L. CLEMONS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20040-03S.          Filed August 1, 2005.


Jimmie L. Clemons, pro se.

<u>Jeanne Gramling</u> and <u>Blake W. Ferguson</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $1,601 for the taxable year 2001.[1]

After concessions,[2] the issue for decision is whether petitioner must include in his gross income gambling winnings of $44,833 for taxable year 2001.[3] The amount of petitioner's Social Security benefits received during taxable year 2001 that must be included in his 2001 gross income is a computational matter and will be resolved by our decision on the unreported gambling income issue.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Flat Rock, North Carolina, on the date the petition was filed in this case.

---

[1]At trial, respondent conceded that the amount of the deficiency for taxable year 2001 set forth in the notice of deficiency was not correct. Instead, respondent claims that the correct deficiency is $1,046.

[2]At trial, respondent conceded that petitioner was entitled to Schedule A deductions for taxable year 2001 of $44,833 and $500 for gambling losses and charitable contributions, respectively.

[3]If the $44,833 gambling winnings are included in petitioner's gross income, he must also include Social Security benefits received of $8,690 in his gross income for taxable year 2001 pursuant to sec. 86.

Petitioner timely filed his Federal income tax return for the 2001 taxable year. On Form 1040, U.S. Individual Income Tax Return, for taxable year 2001, petitioner reported capital gain income of $1,663.13. Petitioner did not report any other income. Petitioner also claimed a personal exemption and the standard deduction. Petitioner did not attach a Schedule A, Itemized Deductions, to his Form 1040.

During taxable year 2001, petitioner was retired. Petitioner gambled at Harrah's Cherokee Smokey Mountain Casino (Cherokee Casino), and during taxable year 2001, petitioner received gambling winnings of $44,833 from Cherokee Casino.

Both petitioner and respondent received seven Forms W-2G, Certain Gambling Winnings, for taxable year 2001, all seven of which were from Cherokee Casino in the amounts of $16,000, $2,500, $4,000, $4,000, $4,500, $12,583, and $1,250, for a total of $44,833. Petitioner attached these Forms W-2G to his 2001 Form 1040, but, as previously stated, he did not report the amounts as gross income. From these Forms W-2G, respondent determined that petitioner had unreported gambling income of $44,833 for taxable year 2001.

Accordingly, in the notice of deficiency for taxable year 2001, dated November 3, 2003, respondent determined that petitioner must include gambling winnings in the amount of $44,833 in his gross income. Respondent also determined that

petitioner was entitled to Schedule A itemized miscellaneous deductions in the amount of $44,523, rather than the standard deduction, and respondent further determined that petitioner must include taxable Social Security benefits of $8,690 in his gross income for taxable year 2001.  The taxable Social Security income was computed at 85 percent of the total amount of $10,244, which petitioner received as Social Security benefits during taxable year 2001.

After the issuance of the notice of deficiency, but before trial, respondent conceded that he failed to allow petitioner a personal exemption and understated the allowable itemized miscellaneous deductions in his computation of the deficiency reflected in the notice of deficiency.

As previously noted, at trial, respondent conceded that petitioner was entitled to Schedule A itemized miscellaneous deductions of $45,333, consisting of $44,833 for gambling losses incurred by petitioner during taxable year 2001 and $500 for charitable contributions made by petitioner during taxable year 2001.  Respondent also conceded, at trial, that the correct amount of the deficiency for taxable year 2001 was $1,046.

## Discussion

As a general rule, the determinations of the Commissioner in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving the Commissioner's determinations to

be in error.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  As one exception to this rule, section 7491(a) places upon the Commissioner the burden of proof with respect to any factual issue relating to liability for tax if the taxpayer maintained adequate records, satisfied the substantiation requirements, cooperated with the Commissioner, and introduced during the Court proceeding credible evidence with respect to the factual issue.  We decide the issue in this case without regard to the burden of proof.  Accordingly, we need not decide whether the general rule of section 7491(a)(1) is applicable in this case.  See <u>Higbee v. Commissioner</u>, 116 T.C. 438 (2001).

Petitioner contends that his $44,833 gambling winnings need not be included in his gross income because he had gambling losses to offset these winnings.  Respondent, however, contends that petitioner must include his gambling winnings in his gross income and is then entitled to a Schedule A miscellaneous itemized deduction for his gambling losses.

The present problem seems to be that petitioner steadfastly rejects or ignores certain basic principles of the Federal income tax laws.  Petitioner wishes to net his winnings and losses and, on his tax return, report in gross income only the amount of any net gambling winnings.  Petitioner considers as "actual income" only his capital gain proceeds and any net gambling winnings. Petitioner is in error.

Section 61(a) defines gross income as "all income from whatever source derived," including gambling, unless otherwise provided. McClanahan v. United States, 292 F.2d 630, 631-632 (5th Cir. 1961). The Supreme Court has consistently given this definition of gross income a liberal construction "in recognition of the intention of Congress to tax all gains except those specifically exempted." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955); see also Roemer v. Commissioner, 716 F.2d 693, 696 (9th Cir. 1983) (all realized accessions to wealth are presumed taxable income, unless the taxpayer can demonstrate that an acquisition is specifically exempted from taxation), revg. 79 T.C. 398 (1982).

Section 62 defines adjusted gross income and allows expenses of a trade or business and certain employee business expenses to be deducted from gross income. These deductions are sometimes referred to as deductions "above the line," meaning simply that they are deducted from gross income to arrive at "adjusted gross income." Gamblers who are engaged in a trade or business of gambling may be able to deduct their gambling losses above the line; indeed, courts have based their decisions in some cases on the proposition that such a professional gambler may net losses against winnings for purposes of determining what is includable in gross income. See Winkler v. United States, 230 F.2d 766 (1st

Cir. 1956); Green v. Commissioner, 66 T.C. 538 (1976). This is not the present case.

In the case of a taxpayer not engaged in the trade or business of gambling, gambling losses are allowable as a miscellaneous itemized deduction, but only to the extent of gains from such transactions. See sec. 165(d); McClanahan v. United States, supra; Winkler v. United States, supra; Gajewski v. Commissioner, 84 T.C. 980 (1985); Lutz v. Commissioner, T.C. Memo. 2002-89; see also Stein v. Commissioner, T.C. Memo. 1984-403; Umstead v. Commissioner, T.C. Memo. 1982-573.

The parties agree that, during taxable year 2001, petitioner received gambling winnings of $44,833 at the Cherokee Casino. The parties further agree that petitioner incurred gambling losses, during taxable year 2001, in excess of $44,833. Petitioner did not report the aforesaid gambling winnings as gross income on his 2001 Federal income tax return. Instead, petitioner merely offset his gambling income with his sustained gambling losses and did not report either of these amounts on his 2001 Federal income tax return.

Petitioner presented no evidence to show that he was a professional gambler, nor did he contend that he was a professional gambler. On the basis of the evidence in the record, we conclude that petitioner was a recreational gambler and not a professional gambler. Therefore, the gambling losses

incurred by petitioner during taxable year 2001 are allowable only as an miscellaneous itemized deduction on Schedule A, to the extent of gains from gambling.  See sec. 165(d); sec. 1.165-10, Income Tax Regs.  Thus, petitioner must include his gambling winnings in his adjusted gross income and is entitled only then to a Schedule A miscellaneous itemized deduction, to the extent of his gains from gambling, for his gambling losses.  See sec. 165(d); sec. 1.165-10, Income Tax Regs.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect respondent's concessions and our resolution of the disputed matters,

Decision will be entered

under Rule 155.